J-A03034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MATTHEW J. MCVEY, III, LEA BULLOCK AND ESTATE OF TREVAUGHN MCVEY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| POTTSTOWN HOSPITAL COMPANY, LLC, INDIVIDUALLY AND/OR D/B/A POTTSTOWN MEMORIAL MEDICAL CENTER AND/OR D/B/A POTTSTOWN EMERGENCY MEDICINE ASSOCIATES, POTTSTOWN MEMORIAL MEDICAL CENTER, POTTSTOWN EMERGENCY MEDICINE ASSOCIATES, TODAY'S KID'S PEDIATRICS, P.C., ESTATE OF THOMAS J. BELL, D.O., DECEASED, MARVIN H. KROMASH, M.D., K. CONRAD, PA-C AND TRI-COUNTY EMERGENCY PHYSICIANS, INC., | |
| Appellees | No. 1148 EDA 2017 |

Appeal from the Judgment Entered April 12, 2017
in the Court of Common Pleas of Montgomery County
Civil Division at No.: 2009-43943

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED MARCH 15, 2018**

Appellants, Matthew J. McVey, III, and Lea Bullock, and the estate of

their late son TreVaughn McVey, purport to appeal from the denial of their

_____

* Retired Senior Judge assigned to the Superior Court.

post-trial motion in this wrongful death and survival action alleging medical malpractice.[1,2] TreVaughn died of the flu at age four. Appellants claim the physician's assistant (P.A.) failed to offer a flu shot for TreVaughn to his mother, Ms. Bullock, at his annual physical examination a month or so earlier. The P.A. claimed she did. There is no dispute that the P.A. did not record either an offer or a refusal on TreVaughn's medical chart. The jury rendered a verdict for the defendants. The sole issue presented in this appeal is whether the trial court erred in excluding testimony from Appellants' expert witness about the standard of care for omission of information on TreVaughn's chart, as beyond the scope of his expert's report. Appellants maintain the ruling prevented their expert from testifying that the failure to document a refusal of a flu vaccination was a deviation from the relevant standard of care. We affirm.

---

[1] Although counsel purports to appeal from the denial of the post-trial motion, appeals are properly taken from the entry of judgment after the denial of the post-trial motion. *See* Pa.R.A.P. 301; Pa.R.C.P. 227.4; **Eichman v. McKeon**, 824 A.2d 305, 310 n.1 (Pa. Super. 2003), *appeal denied*, 839 A.2d 352 (Pa. 2003) (appeal to Superior Court properly taken from judgment entered after trial court has ruled on post-trial motions), **see also Johnston the Florist, Inc. v. TEDCO Const. Corp.**, 657 A.2d 511, 512 (Pa. Super. 1995). We have amended the caption accordingly.

[2] Appellants sued numerous defendants, but the case proceeded to trial only against Today's Kids Pediatrics, P.C., the estate of Thomas J. Bell, D.O., (who was deceased by time of trial, **see** N.T. Trial, 7/15/16, at 827), and P.A. Kristie Conrad. (**See** Trial Court Opinion, 6/13/17, at 1 n.1). The estate of Dr. Bell, and his practice group, were later dismissed from the case. (**See** Order, 4/12/17).

As noted, TreVaughn, then age four, died of the flu on February 29, 2008, about five weeks after his annual physical examination on January 17, 2008. At trial, Appellants asserted that P.A. Kristie Conrad failed to offer a flu shot for TreVaughn at his January visit. Ms. Bullock testified that she would have agreed to one if it had been recommended. P.A. Conrad testified that she could not remember whether she offered, and Ms. Bullock refused, a flu shot for TreVaughn. She nevertheless claimed, based on her general practice, that she did offer (and always recommended) a flu shot.[3] P.A. Conrad conceded that she did not record either her offer of a flu shot or Ms. Bullock's declination on TreVaughn's chart. (*See* N.T. Trial, 7/15/16, at 786-87).

P.A. Conrad also acknowledged on cross-examination that she was taught in her P.A. training "if it isn't documented, it didn't happen[.]" (*Id.* at 791; *see also* Trial Ct. Op., at 7). However, P.A. Conrad added her personal observation that "you can't always document every single thing that takes place during a visit. It is just not physically possible." (N.T. Trial, 7/15/16, at 804; *see also* Trial Ct. Op. at 8).

---

[3] P.A. Conrad testified that she believed in flu shots, got them for herself and her own children and recommended them for all her patients. She added that TreVaughn would have had to return to the office for a flu shot, because on the day of his annual examination he had a low-grade fever and cold symptoms. (*See* Trial Ct. Op., 6/13/17 at 6 (citing N.T. Trial, 7/15/16, at 790-92)). At his examination, TreVaughn **did** receive vaccinations for diphtheria, tetanus, pertussis, and polio. (*See* Trial Ct. Op., at 1-2). Posters in the medical center and office handout literature recommended flu shots for the patients.

Appellants sought to have their expert, Dr. Bennett Kaye, testify that P.A. Conrad should have documented that the flu vaccine was recommended and refused. (**See** Trial Ct. Op. at 8; **see also** N.T. Trial, 7/12/16, at 144). However, after Dr. Kaye made this statement (based on a similar recommendation and refusal involving a certified pediatric nurse practitioner the year before), defense counsel objected on the ground that the assertion (that the failure to document is a deviation from the standard of care) was beyond the scope of Dr. Kaye's written expert report. (**See** N.T. Trial, 7/12/16, at 146).

After protracted discussion and argument, the trial court sustained the objection, and directed counsel to begin a new question. (**See id.** at 146-154). The jury rendered a verdict for the defendants. Counsel for Appellants filed a notice of appeal after the trial court denied the motion for post-trial relief.[4]

Appellants raise one question on appeal, which we reproduce verbatim except for the bracketed identification of the parties and the final question mark:

> Upon below [Appellants'] trial objection, did the Court of Common Pleas' err in sustaining that objection to Dr. Bennett

---

[4] As already noted, counsel's notice of appeal, taken from the denial of the post-trial motion, was premature. **But see** Pa.R.A.P. 905(a)(5) (notice of appeal filed after announcement of determination but before entry of appealable order treated as filed after such entry and on day thereof); (**see also** *1 n.1 **supra**). Both Appellants and the trial court complied with Pa.R.A.P. 1925.

Kaye's anticipated testimony regarding the requisite practice to document (*i.e.*, "chart") [sic] whether flu shots were discussed with Appellants – which claimed refusal of the shot was dispositively argued by below [Appellees] (without documented support)[?].

(Appellants' Brief, at 10).

Our standard of review is well-settled:

When we review a ruling on the admission or exclusion of evidence, including the testimony of an expert witness, our standard is well-established and very narrow. These matters are within the sound discretion of the trial court, and we may reverse only upon a showing of abuse of discretion or error of law. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. In addition, [t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party.

*Jacobs v. Chatwani*, 922 A.2d 950, 960 (Pa. Super. 2007), *appeal denied*, 938 A.2d 1053 (Pa. 2007) (citations omitted).

In this case, our independent review of the record confirms that Appellants were not prejudiced. It bears noting that even though the trial court excluded further testimony about the standard of care, the jury was permitted to hear Dr. Kaye's testimony that the recommendation of a flu vaccination on January 9, 2007 (at the preceding annual visit), and any refusal, was not recorded on TreVaughn's chart, and should have been. (**See** N.T. Trial, 7/12/16, at 144).

Additionally, we agree with the trial court that there is no cognizable cause of action in Pennsylvania for negligent record keeping without any accompanying evidence of causation. (*See* Trial Ct. Op., at 10).

Here, there is no evidence of causation. Nor could there be. The failure to document a recommendation of a flu shot, and its refusal, did not cause, and could not cause, TreVaughn's death from influenza. Appellants offer no authority to the contrary.

Instead, they point us to the previously noted training maxim that "if it is not documented then it did not happen." (Appellants' Brief, at 18). However, this mere bald assertion is not a legal principle, and cannot substitute for one. Whatever value it may have as a teaching tool, it is not, contrary to Appellants' assertion, proof that an event did or did not occur.

P.A. Conrad conceded she had not documented a flu shot recommendation (and refusal) on TreVaughn's chart. Nevertheless, she maintained that she offered one. The entire question of whether P.A. Conrad recommended a flu shot and Ms. Bullock refused it (or not), is really an issue of credibility. Weighing credibility was the province of the jury sitting as factfinder. By its verdict, the jury obviously weighed the conflicting testimony and found for the Appellees. We discern no basis to disturb the credibility determination of the jury.

Appellants also assert that the purported omission entitles them to a new trial. This argument does not merit relief either. "[W]e will not reverse

the denial of a motion for a new trial absent a gross abuse of discretion or error of law by the trial court." **Jacobs**, **supra** at 96 (citation and internal quotation marks omitted). For the reasons already discussed, we conclude that Appellants have failed to meet their burden to persuade this Court that they were prejudiced in such a way as to merit a new trial.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/18